**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LYNK MEDIA, LLC,<br><br>               Plaintiff,<br><br>    v.<br><br>INDEPENDENT DIGITAL NEWS AND MEDIA, LLC,<br><br>               Defendant. | Case No:<br><br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Lynk Media, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Independent Digital News and Media, LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1.      This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2.      Oliya Fedun ("*Fedun*") created a series of videos (hereinafter collectively referred to as the "*Videos*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3.      Defendant is a media company which owns and operates a website at domain www.independent.co.uk ("*Website 1*").

4.      Defendant also owns and operates a website at domain www.independentespanol.com ("*Website 2*").

5.      Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Videos on the Websites (hereinafter the domains as set forth above are collectively referred to as the "*Websites*") and engaged in this misconduct knowingly and in violation of the United States copyright laws.

1

**PARTIES**

6.      Plaintiff Lynk Media, LLC is a New York limited liability company and maintains its principal place of business in Queens County, New York.

7.      Upon information and belief, defendant Independent Digital News and Media, LLC, is a Delaware limited liability company with a principal place of business at 41 East 11th Street, New York, New York 10003 and is liable and responsible to Plaintiff based on the facts herein alleged.

**JURISDICTION AND VENUE**

8.      This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9.      This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

10.      Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

A.      **Plaintiff's Copyright Ownership**

11.      Plaintiff is a professional videography company which is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

12.      Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

13.      Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

14.      Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

15.      On or about August 29, 2021, Fedun, through her third-party company FNTV,

2

LLC ("FNTV"), first published a video of former 2021 governor candidate Steven Lynch speaking at the Freedom Rally in Harrisburg, Pennsylvania ("*Video 1*").

16.    On October 7, 2021, Video 1 was registered by the USCO under Registration No. PA 2-319-968 listing FNTV as Copyright Claimant.

17.    On or about September 25, 2021, Fedun, through FNTV, first published a video showing anti-mandate protestors storming a vaccinated only food court in Staten Island, New York ("*Video 2*").

18.    On October 6, 2021, Video 2 was registered by the USCO under Registration No. PA 2-319-834 listing FNTV as Copyright Claimant.

19.    On or about February 16, 2022, Fedun, through FNTV, first published a video showing a puppy guard dog named Rambo on the frontline in Donbass, Ukraine ("*Video 3*").

20.    On May 4, 2022, Video 3 was registered by the USCO under Registration No. PA 2-356-221 listing FNTV as Copyright Claimant.

21.    On or about October 19, 2022, Fedun, through FNTV, first published a video showing footage from Alexandria Ocasio-Cortez's listening forum event in Astoria, Queens ("*Video 4*").

22.    On November 9, 2022, Video 4 was registered by the USCO under Registration No. PA 2-386-477 listing FNTV as Copyright Claimant.

23.    On or about October 9, 2023, Fedun first published a video of Soviet Union and China flags being displayed at a pro-Palestine protest outside of the United Nations ("*Video 5*").

24.    On December 2, 2023, Video 5 was submitted for copyright registration from the USCO under Application No. 1-13263479261.

25.    In creating the Videos, Fedun personally selected every creative element of the piece including the subject matter, filming location, timing, lighting, angles, perspectives, depths, lens, and camera equipment used to capture the video recordings.

26.    Copies of screengrabs of the Videos are attached hereto collectively as <u>Exhibit 1</u>.

27.    Fedun created the Videos with the intention of them being used commercially and

3

for the purpose of display and/or public distribution in news reporting.

28.     Fedun published the Videos by commercially licensing them to third-party companies for the purpose of display and/or public distribution.

29.     On October 20, 2022, FNTV acquired the rights in and to the Videos from Fedun by way of written assignment.

30.     Thereinafter, on June 6, 2023, Plaintiff acquired the rights in and to the Videos from FNTV by way of written assignment.

**B.     Defendant's Infringing Activity**

31.     Defendant is the registered owner of the Websites and is responsible for their content.

32.     Defendant is the operator of the Websites and is responsible for their content.

33.     The Websites are key components of Defendant's popular and lucrative commercial enterprise.

34.     The Websites are monetized in that they contain paid advertisements and, upon information and belief, Defendant profits from these activities.

35.     The Websites are monetized in that they offer paid subscription services to the public and, upon information and belief, Defendant profits from these activities.

36.     On or about August 30, 2021, Defendant extracted a full-sized frame from Video 1 and copied and displayed that frame as well as the entire Video 1 on Website 1 at URL: https://www.independent.co.uk/news/world/americas/us-politics/republican-candidate-covid-safety-measures-b1911320.html  ("*Infringements 1-2*").

37.     Further, on or about August 31, 2021, Defendant displayed Video 1 on Website 2 at   URL:   https://www.independentespanol.com/politica/ee-uu/candidato-republicano-covid-medidas-seguridad-b1911737.html ("*Infringement 3*").

38.     On or about September 27, 2021, Defendant extracted a full-sized frame from Video 2 and copied and displayed that frame as well as the entire Video 2 on Website 1 as the at URL:        https://www.independent.co.uk/news/world/americas/staten-island-crowd-vaccine-

mandate-b1927649.html ("*Infringements 4-5*").

39.    On or about September 28, 2021, Defendant displayed Video 2 on Website 2 as at URL:     https://www.independentespanol.com/noticias/coronavirus/mandato-vacunacion-staten-island-centro-comercial-b1928364.html  ("*Infringement 6*").

40.    On or about February 28, 2022, Defendant displayed Video 3 on Website 1 at URL: https://www.independent.co.uk/world/ukrainian-soldiers-rambo-guard-dog-b2024676.html ("*Infringement 7*").

41.    On or about October 20, 2022, Defendant displayed Video 4 on Website 1 at URL:    https://www.independent.co.uk/news/world/americas/us-politics/aoc-hecklers-town-hall-new-york-b2207159.html  ("*Infringements 8-10*").

42.    On or about October 20, 2022, Defendant displayed Video 4 on Website 2 at URL:        https://www.independentespanol.com/politica/ee-uu/aoc-protesta-nueva-york-lgbtq-b2207416.html  ("*Infringements 11-13*").

43.    On or about October 13, 2023, Defendant displayed Video 5 on Website 1 at URL:    https://www.independent.co.uk/news/world/palestine-protests-israel-australia-new-york-london-b2429100.html ("*Infringement 14*").

44.    Copies of screengrabs of Infringements 1-14 are attached hereto collectively as <u>Exhibit 2</u>.

45.    Without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Plaintiff's copyright protected works on the Websites.

46.    Upon information and belief, the Videos were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Videos (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringements*").

47.    The Infringements include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

48.    The Infringements are exact copies of Plaintiff's original video recordings as well as readily discernible images from the Videos that were directly copied to and displayed by Defendant on the Websites.

49.    Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Websites, including, but not limited to copying, posting, selecting, commenting on, and/or displaying video recordings including but not limited to Plaintiff's Videos.

50.    Graig Graziosi, United States Reporter who covers United States politics and is based out of Washington, D. C., is listed on Defendant's Websites as the author of the on-line stories displaying Infringements 1-3.

51.    Paulina Villegas, General Assignment Reporter, is listed on Defendant's Websites as the author of the on-line stories displaying Infringements 4-6.

52.    Maroosha Muzaffar, Senior Reporter who covers the intersection of politics, is listed on Defendant's Website 1 as the author of the on-line stories displaying Infringements 7 and 14.

53.    Abe Asher, Reporter, is listed on Defendant's Websites as the author of the on-line story displaying Infringements 8-13.

54.    Upon information and belief, Defendant directly contributes to the content posted on the Websites by, *inter alia*, directly employing reporters, authors, and editors as its agents including Graig Giaziosi, Paulina Villegas, Maroosha Muzaffar, and Abe Asher (the "*Employees*").

55.    Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringements.

56.    Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringements.

57.    Upon information and belief, the Videos were willfully and volitionally posted to the Websites by Defendant.

58.     Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

59.     Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

60.     Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Websites and exercised and/or had the right and ability to exercise such right.

61.     Upon information and belief, Defendant monitors the content on its Websites.

62.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

63.     Upon information and belief, the Infringements increased traffic to the Websites and, in turn, caused Defendant to realize an increase in its business revenues.

64.     Upon information and belief, a large number of people have viewed the unlawful copies of the Videos as well as the readily discernible images from the Videos on the Websites.

65.     Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

66.     Defendant's use of the Videos harmed the actual market for the Videos.

67.     Defendant's use of the Videos, if widespread, would harm Plaintiff's potential market for the Videos.

68.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## **FIRST COUNT**
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

69.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

7

70.     The Videos are original, creative works in which Plaintiff owns valid copyrights.

71.     The Videos are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

72.     Plaintiff has not granted Defendant a license or the right to use the Videos in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

73.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

74.     Defendant's reproduction of the Videos and display of the Videos constitutes willful copyright infringement.

75.     Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Videos in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Videos without Plaintiff's consent or authority, by using it on the Websites.

76.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

77.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

78.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17

U.S.C. § 502.

## JURY DEMAND

79.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Videos in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a.     finding that Defendant infringed Plaintiff's copyright interest in and to the Videos by copying and displaying it without a license or consent;

b.     for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.     for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.     for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.     for pre-judgment interest as permitted by law; and

f.     for any other relief the Court deems just and proper.

DATED: January 26, 2024

**SANDERS LAW GROUP**

By: ___/s/ Craig Sanders___
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600

Email: csanders@sanderslaw.group
File No.: 125091

*Attorneys for Plaintiff*