**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| LYNK MEDIA, LLC, <br><br>                                      Plaintiff, <br><br> - against – <br><br> INDEPENDENT DIGITAL NEWS AND MEDIA, LLC <br><br>                                      Defendant. | Case No.: 1:24-cv-00583-JPC <br><br> **STIPULATION AND PROTECTIVE ORDER** |

WHEREAS, disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this action may be warranted,

WHEREAS, all parties acknowledge that this stipulation and protective order do not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles,

WHEREAS, this action is likely to involve customer lists, pricing lists, and other valuable research, development, marketing, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted,

WHEREAS, all parties to this action (collectively, the "Parties" and each individually, a "Party") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, and any other persons who sign this Stipulated Protective Order or the Non-Disclosure Agreement attached hereto, or anyone with actual notice of this Order, will adhere to the following:

1.  This protective order shall apply to all protected material, which is any item(s) or information (regardless of medium or manner in which it is generated, stored, or maintained) that are produced or generated, by a party or a non-party, in disclosures or responses to discovery in this matter.

11319026.3

2.   The protections conferred by this protective order cover not only protected material, but also (a) any information copied or extracted from protected material; (b) all copies, excerpts, summaries, or compilations of protected material, and (c) any testimony, conversations, or presentations by the Parties that might reveal protected material or items that have been designated in accordance with the procedures set forth herein.

3.   The protections conferred by this protective order do not cover the following information: (a) any information or items that are in the public domain at the time of disclosure or becomes part of the public domain after its disclosure as a result of publication not involving a violation of this protective order, including becoming part of the public record through trial or otherwise; and (b) any information or items known to the receiving party prior to the disclosure or obtained by the receiving party after the disclosure from a source who obtained the information or items lawfully and under no obligation of confidentiality to the designating party.

4.   Nothing in this protective order shall (i) affect the right of the producing party to disclose or use its own protected material for any purpose, or (ii) prevent or otherwise restrict counsel from rendering legal advice to their client and in the course thereof, relying on the protected material, provided, however that in relying on such protected material, counsel shall not disclose, reveal, or describe the content of any protected material except insofar as allowed, if at all, under the terms of this protective order.

5.   Any use of protected material at trial shall be governed by a separate agreement or order and other applicable authorities. Counsel for the parties will work together to discuss how to handle protected material that is to be presented at hearings or at trial. This order does not govern the use of protected material at trial.

6.   Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of informal and/or formal discovery in this action) that is designated as "Confidential" or "Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential or Attorneys' Eyes Only discovery material to anyone else except as expressly permitted hereunder.

7.   Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise contains sensitive non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others. Information and documents designated by a party as confidential will be stamped "Confidential." If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection

11319026.3

initially asserted, that designating party must promptly notify all other parties that it is withdrawing the inapplicable designation.

8.    The person producing Discovery Material may designate as "Attorneys' Eyes Only" any portion thereof that, the producing party or nonparty believes in good faith, (a) contains highly confidential or highly sensitive information, the disclosure of which is likely to have a significant effect on current or future (i) business or commercial strategies or decisions or (ii) product plans or development; (b) the disclosure to persons other than those authorized under paragraph 8 below is restricted by law; or (c) was previously produced in a case with an Attorneys' Eyes Only designation. The party or nonparty making the designation of "Attorneys' Eyes Only" bears the burden of showing that the material so designated could not be reasonably protected through the "Confidential" designation. Any party who requests a designation of "Attorneys' Eyes Only" for a reason other than those set forth above may at any time before the trial of this action serve upon counsel for the recipient party a written notice stating with particularity the grounds of the request. If agreement cannot be reached promptly, counsel for all Parties will address their dispute to the Court in accordance with Judge Cronan's Individual Practices in Civil Cases.

9.    With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Attorneys' Eyes Only" the document or protected portion in a manner that will not interfere with legibility or audibility.

10.    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial proceedings), if only a portion or portions of material on a page qualifies for protection, the producing party must clearly identify the protection portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

11.    For information produced in native form, disclosures or discovery materials that are produced in native electronic format shall be designated by appending to the file names an indication of the appropriate designation or by implementing any other reasonable method for designating materials produced in native electronic format. If such disclosure or discovery material are printed, such as for use at a deposition or in a court proceeding, the party printing the materials shall label or mark each page of the printed materials with the designation of the electronic file.

12.    For materials made available for inspection, a party or non-party that makes materials available for inspection need not designate them for protection until after the initial inspection and after the inspecting party has indicated which materials it would like copied or photographed and produced. For purposes of the initial inspection, all of the material made available for inspection shall be deemed "Attorneys' Eyes Only." Only

persons authorized under the terms of this protective order to receive "Attorneys' Eyes Only" are permitted to inspect the materials made available for inspection. After the inspecting party has identified the materials that it wants copied, photographed, and/or videoed and produced, the producing party must determine which materials, or portions thereof, qualify for protection under this order. Then, before producing the specified documents, the producing party must affix the appropriate legend ("Confidential" or "Attorneys' Eyes Only") to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

13. Deposition testimony may be designated as "Confidential" either on the record during the deposition or in writing within five (5) business days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

14. If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential" or "Attorneys' Eyes Only," the producing person may so designate that portion by promptly notifying all Parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential or Attorneys' Eyes Only under the terms of this Order. In addition, the producing person shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Attorneys' Eyes Only" designation within two (2) business days of providing such notice.

15. All disclosed information designated as Confidential or Attorneys' Eyes Only will be held and used by the personreceiving such information solely for use in connection with the action, and may not be used for any other purpose or in connection with any other action.

16. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

17. No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

      a.  the Parties;

11319026.3

    b.   the employees and agents of the parties to the action, provided that such disclosure is needed to assist in the prosecution, defense or settlement of this action;

    c.   counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

    d.   as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

    e.   any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person is advised of the existence of this Stipulated Protective Order and that Confidential Discovery Material is subject to the terms of the Order;

    f.   any person retained by a Party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

    g.   stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

    h.   independent photocopying, graphic production services, or other litigation support services employed by the Parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system, wherein such services are under the direct supervision of counsel for each Party;

    i.   the Court and its staff; and

    j.   any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

18.   Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a.   Inform the person of the confidential nature of the information or documents;

    b.   Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c.   Require each such person to receive a copy of this Order.

19.   No person subject to this Order, other than the producing person, shall disclose any Attorneys' Eyes Only Discovery Material to any other person whomsoever, except to the persons identified in subparagraphs 17(c), 17(d), 17(f), 17(g), 17(h), and 17(i), and the Parties' respective in-house counsel, unless the Parties agree in advance to such disclosure.

20.   The disclosure of a document or information without designating it as "confidential"

11319026.3

shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order. Any information or items that are inadvertently produced or disclosed without a designation or are inadvertently produced or disclosed under-or over-designated may be corrected by the producing party providing written notice to counsel for the receiving party, and the receiving party shall thereafter treat that information or items as properly designated. Within five (5) business days of such written notice, the producing party shall produce to the receiving party replacement copies of the information or items with the proper designation and such information or items shall be protected under this protective order as if it had been initially so designated.

21.    Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

22.    Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

23.    Should any party inadvertently produce documents subject to attorney-client privilege, work product protection, and/or any other applicable privilege or protection, the producing party may recall such documents by notifying the receiving party in writing of the inadvertent production and the basis for the claim of attorney-client privilege and/or work product protection.  Within five (5) business days from receiving notice from the producing party, the receiving party shall either (1) return the originals and all

11319026.3

copies made by the receiving party of the documents identified in the notice; or (2) destroy the originals and all copies made by the receiving party, as specified by the producing party, and confirm the same in writing. The receiving party shall not use or disclose the information subject to the claim of attorney-client privilege and/or work production protection and shall take reasonable steps to retrieve such information if the receiving party disclosed that information before receiving notification from the producing party. The receiving party's obligation to return the inadvertently produced documents is without prejudice to the receiving party's right, within the five (5) business day period, to present the information subject to the claim of attorney-client privilege and/or work-product protection to the Court under seal for the purpose of challenging the producing party's claim. The inadvertent production shall not be a basis for any finding that the attorney-client privilege and/or work-product protection have been waived in connection with any such challenge to the producing party's claim.

24.    Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

25.    At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

26.    Even after final disposition of this action, the confidentiality obligations and protections of this protective order shall remain in effect until all parties agree otherwise in writing or a court order otherwise directs. The United States District Court for the Southern District of New York shall retain jurisdiction for the purpose of enforcing the terms of this protective order, even if such enforcement proceedings occur after termination of this action.

27.    Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

11319026.3

SO STIPULATED AND AGREED.

s/James H. Freeman /

James Freeman
SANDERS LAW GROUP
333 Earle Ovington Blvd., Ste. 402
Uniondale, New York 11553
Telephone: (516) 203-7600
jfreeman@sanderslaw.group

Dated: July 15, 2024_____

*Attorneys for Plaintiff*

/s/ John M. Griem, Jr._____
John M. Griem, Jr.
CARTER LEDYARD & MILBURN LLP
28 Liberty St., Fl. 41
New York, NY 10005
Telephone: 212-238-8659
griem@clm.com

Dated: ___July 15, 2024_____

*Attorneys for Defendant*

**SO ORDERED**

_____
JOHN P. CRONAN (U.S.D.J.)

Dated: New York, New York
        July 17_____, 2024

SO ORDERED, with the further caveat that nothing in this Stipulation and Order excuses the parties from their obligation to comply with section 4 of the Court's Individual Rules and Practices in Civil Cases, which governs redacted and sealed filings.

11319026.3