UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYNK MEDIA, LLC<br><br>      Plaintiff,<br><br> - against –<br><br>INDEPENDENT DIGITAL NEWS AND MEDIA, LLC<br><br>      Defendant. | 1:24-cv-00583-JPC |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 56.1 STATEMENT**

Pursuant to Rule 56.1 of the Local Civil Rules of the United States District Court for the Southern District of New York, Plaintiff Lynk Media, LLC ("Plaintiff") respectfully submits this response to Defendant Independent Digital News and Media, LLC ("Defendant")'s Rule 56.1 Statement in connection with its cross-motion for summary judgment.

101. Versions 16 through 18 of Twitter's User Agreement were in effect at the times of the alleged infringements. Declaration of John M. Griem, Jr. ("Griem Decl."), ¶ 3.

    **Plaintiff's Response**: Disputed to the extent that the term "User Agreement" is not used in the Freeman Declaration. Plaintiff respectfully refers the Court to Exhibits B through D of the Freeman Declaration for a true and accurate description of its contents.

102. Every publicly accessible Tweet includes an option to copy and paste an embed code. That embed code can be directly copy-and-pasted into a webpage. The code acts to create a fully rendered Tweet on the webpage. On any publicly accessible Tweet (now X post), there are three dots in the upper right corner. Clicking on them opens a drop

down menu that says "</> Embed post." Clicking on that takes the user to a webpage that asks the user if they want to display an embedded video or an embedded post. Clicking on "embedded post" takes the user to a webpage with the embed code next to a box that allows the code to be copied. Griem Decl., ¶ 5.

**Plaintiff's Response**: Disputed because defense counsel is not competent to summarize or testify as to the facts underlying Twitter's embed code. Plaintiff respectfully refers to Exhibit K of the Freeman Declaration for a true and accurate description of its contents.

103.  The author or administrator of a Tweet may modify or remove their Tweet, and thereby modify or remove any embedment of their Tweet on any webpage. Griem Decl., ¶ 5.

**Plaintiff's Response**: Disputed because defense counsel is not competent to summarize or testify as to the facts the scope of a Twitter User's rights and authorities. Plaintiff respectfully refers to Exhibit K of the Freeman Declaration for a true and accurate description of its contents.

104.  Any individual may embed a publicly accessible Tweet using publish.twitter.com without being required to setup any account with Twitter/X. Griem Decl., ¶ 5.

**Plaintiff's Response**: Disputed because defense counsel is not competent to summarize or testify as to the facts concerning the scope of a Twitter User's rights and authorities. Further, the ability to embed Twitter content on third-party websites, as occurred here, is considered a "developer feature" governed by "Twitter for Websites." *See* Freeman Declr., Ex. G. Plaintiff respectfully refers to Exhibit K of the Freeman Declaration for

a true and accurate description of its contents.

105. Defendant maintains a code of conduct, which is accessible to the public.

Declaration of Philip Thomas ("Thomas Decl."), ¶ 4.

**Plaintiff's Response**: Undisputed.

106. Defendant's journalists were instructed to embed Tweets through regular, and publicly available, twitter functionalities. Thomas Decl., ¶ 5.

**Plaintiff's Response**: Disputed on grounds that Mr. Thomas' "self- serving . . . declaration" is "completely unsupported by the record and therefore cannot create a genuine issue of material fact". *Dreni v. PrinterOn Am. Corp.,* No. 18 Civ. 12017, 2021 WL 4066635, at *13 (S.D.N.Y. Sept. 3, 2021). Defendant's written Code of Conduct at Dkt. No. 40-16, which is the only evidence adduced during discovery pertaining to Defendant's copyright compliance protocols, makes no reference whatsoever to social media terms of service, Twitter, embeds, fair use, or copyright licensing practices and therefore contradicts Thomas' self-serving declaration.

Dated: December 24, 2024
Uniondale, New York

    Respectfully submitted,

    **SANDERS LAW GROUP**

    By: */s Craig B. Sanders /*
    Craig B. Sanders, Esq.
    James H. Freeman, Esq.
    333 Earle Ovington Blvd, Suite 402
    Uniondale, NY
    Tel: (516) 203-7600
    Email: jfreeman@sanderslaw.group
    Email: csanders@sanderslaw.group

    *Attorney for Plaintiff*